DECISION AND JOURNAL ENTRY
{¶ 1} Appellant-defendant, Santos Davilla, appeals the judgment of the Lorain County Court of Common Pleas convicting him of rape in violation of R.C. 2907.02 (A)(1)(b). We affirm.
 I. {¶ 2} On November 14, 1990, Appellant was indicted by the Lorain County Grand Jury on one count of rape in violation of R.C. 2907.02 (A)(1)(b). Prior to the indictment, police officials had attempted to locate Appellant on numerous occasions to discuss the allegations against him. In September of 1990 officers began leaving calling cards at Appellant's apartment. Each time they returned to the apartment, the calling cards were no longer there. The officers also left notice with Appellant's apartment manager for Appellant to contact them. Additionally, the officers made several trips to the apartment of Appellant's girlfriend, but were unsuccessful in locating Appellant. Unable to locate Appellant, the officers referred the matter to the Lorain County Prosecutor, leading to Appellant's indictment.
 {¶ 3} The indictment resulted from allegations that the Appellant had vaginal intercourse with the victim, then ten years old, in 1985. After the indictment was filed, police officials were unable to locate Appellant to serve the indictment. Police questioned Appellant's relatives and friends in an attempt to determine his current residence. No information was forthcoming. LEADS searches revealed that Appellant had no current address anywhere within the United States. Lorain County officials then contacted the U.S. Marshal's office to aid in locating Appellant. As a result, Appellant was not served with the indictment until August 12, 2002, after he was located in Puerto Rico.
 {¶ 4} A jury trial was then held on October 15, 2003. The jury returned a verdict of guilty on the sole count of the indictment, and the trial court sentenced Appellant to a term of eight to twenty-five years incarceration. Appellant was granted leave to file a delayed appeal and raised five assignments of error.
 II. ASSIGNMENT OF ERROR NUMBER ONE
"The trial court erred to appellant's prejudice in violation of the sixth and fourteenth amendment[s] to the united states constitution and article one, section ten of the ohio constitution in denying appellant's motion to dismiss."
 {¶ 5} Appellant argues that the trial court erred in denying his motion to dismiss the indictment. Appellant asserts that the twelve-year delay from the time of filing the indictment until serving it on Appellant violated his right to a speedy trial guaranteed by the U.S. and Ohio Constitutions. We disagree.
 {¶ 6} When making the determination whether Appellant has been denied his right to a speedy trial as guaranteed by theSixth Amendment, we consider four factors: (1) length of delay, (2) reason for the delay, (3) the accused's assertion of the right, and (4) prejudice to the accused. Barker v. Wingo
(1972), 407 U.S. 514, 530. These factors are balanced in a totality of the circumstances setting with no one factor controlling. Id. The twelve-year delay between the filing and serving of the indictment on Appellant is presumptively prejudicial. See Doggett v. United States (1992), 505 U.S. 647,652. In Doggett, the U.S. Supreme Court explained that a finding that the delay is presumptively prejudicial merely triggers the Barker balancing test. Id.
 {¶ 7} Appellant also argues that he was deprived of his right to a speedy trial as guaranteed by Article 10 of the Ohio Constitution. We apply the same standard of review to this claim as above, balancing the actual prejudice caused by the delay against the reasons for the delay set forth by the State. Statev. Luck (1984), 15 Ohio St.3d 150, 153.
 {¶ 8} As the delay in this case, twelve years, is presumptively prejudicial as noted above we analyze the remainingBarker factors. The record reflects that the reason for delay is solely attributable to the Appellant. Prior to the filing of the indictment, local police officials went to the Appellant's last known address. The officers left calling cards for Appellant, each of which were picked up before the officers returned to the apartment. The police officers left messages with the apartment manager for Appellant to contact them. Additionally, they learned of a girlfriend of Appellant and left calling cards at her apartment as well. Following the indictment, officers questioned friends and family of the Appellant and conducted a LEADS search to determine whether Appellant had any known address within the United States. The LEADS search revealed that Appellant had no known address within the United States. Local officials contacted the U.S. Marshals sometime after their attempts to locate Appellant failed. The Marshals were able to locate Appellant in Puerto Rico in July 2002, and he was extradited back to the United States. Testimony in the trial court indicated that the Appellant had fled to Puerto Rico upon learning of the charges against him. This Court has previously recognized that pretrial delays may be justified when the accused goes into hiding and officials must track him down. State v.Williams (Apr. 20, 1994), 9th Dist. No. 2273-M.
 {¶ 9} Appellant did timely assert his right to a speedy trial by filing a motion to dismiss less than two months after service of the indictment. See State v. Osborn, 9th Dist. No. 01CA007790, 2001-Ohio-1666. However, Appellant has not provided this Court with any factual basis to establish how he was prejudiced by the delay. In fact, Appellant has not identified any portion of the record or set forth any factual allegations pertaining to possible prejudice caused by the delay.
 {¶ 10} Upon balancing these factors, we cannot say that the Appellant's right to a speedy trial was violated. Appellant's flight from the jurisdiction caused the delay; and Appellant has not identified any prejudice caused by the delay. As such, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO
"The trial court erred to appellant's prejudice in violation of the sixth, and fourteenth amendments to the united states constitution an (SIC) article 1[,] sections 10 and 16 of the ohio constitution by instructing the jury on flight without clear and convincing evidence that appellant fled the jurisdiction of the court to avoid prosecution."
 {¶ 11} In his second assignment of error, Appellant argues that insufficient evidence was introduced at trial to warrant a flight instruction to the jury. Appellant further argues that the flight instruction given to the jury created an improper mandatory presumption and improperly commented on Appellant's silence. We find that these arguments lack merit.
 {¶ 12} It is well established that flight is admissible as evidence that tends to show consciousness of guilt. Sibron v.New York (1968), 392 U.S. 40, 66. Further, a jury instruction on flight is appropriate if there is sufficient evidence in the record to support the charge. See United States v. Dillon
(C.A. 6, 1989), 870 F.2d 1125. The decision whether to issue a flight instruction rests within the sound discretion of the trial court and will not be reversed absent an abuse of discretion.State v. Sims (1984), 13 Ohio App.3d 287, 289. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} In this case, the trial court gave the following jury instruction on flight:
"In this case, there is evidence tending to indicate that the defendant fled from the vicinity of an alleged crime.
"As the defendant has not been charged with a crime for this fleeing, this evidence can only be considered for a limited purpose.
"In this regard, you are instructed that flight in and of itself does not raise a presumption of guilt, but it may tend to show consciousness of guilt or a guilty connection with the crime.
"If, therefore, you find that the Defendant did flee from the vicinity of the alleged crime, you may consider this circumstance in this case when determining the guilt or innocence of the Defendant. It cannot be considered for any other purpose.
"Upon you alone rests the decision to determine what weight, if any, to place upon the evidence you find, if any, bearing upon this issue."
 {¶ 14} Appellant argues that this instruction improperly comments on his silence at trial. See State v. Fields (1973),35 Ohio App.2d 140. However, this instruction is distinguishable from the instruction given in Fields. The trial court inFields included in its instruction, "that flight in and of itself does not raise a presumption of guilt, but unlesssatisfactorily explained, it tends to show consciousness of guilt[.]" Id. at 145. (Emphasis sic.) The language that concerned the Fields court is not present in the instant case. No reference to the Appellant's silence is present in the trial court's jury instruction on flight.
 {¶ 15} Further, we find that the flight instruction is supported by evidence in the record. During the trial, the victim's grandmother testified that the Appellant left for Puerto Rico after the charges concerning the rape were brought to light. This testimony was not challenged, nor contradicted by other testimony in the trial. As such, sufficient evidence exists in the record to support the flight instruction.
 {¶ 16} Additionally, the instruction given did not create an improper conclusive presumption as Appellant argues. The United States Supreme Court defined a conclusive presumption as an irrebuttable direction to the jury which unconstitutionally shifts the burden of persuasion to the defendant. Sandstrom v.Montana (1979), 442 U.S. 510, 517. However, the modifier "may" before "consider" supports the conclusion that no reasonable jury could have felt compelled to presume guilt on the instruction given. State v. Montgomery (1991), 61 Ohio St.3d 410, 415. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE
"The trial court erred to the prejudice of appellant in violation of criminal rule 29[, and] article 1[,] section 10 of the ohio constitution and the due process clause of the constituion of the united states when it denied appellant's motion for acquittal."
 ASSIGNMENT OF ERROR NUMBER FOUR
"The trial court erred to the prejudice of appellant when it entered judgment of conviction, where such judgment was against the manifest weight of the evidence."
 {¶ 17} Appellant's third and fourth assignments of error raise the issues of the sufficiency and the weight of the evidence supporting Appellant's conviction. Initially, we note that "[w]hile the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citing State v. Thompkins, 78 Ohio St.3d 380,390, 1997-Ohio-52 (Cook, J., concurring). Further,
"[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 18} Therefore, we will address Appellant's fourth assignment of error first as it is dispositive of Appellant's third assignment of error.
 {¶ 19} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 20} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 21} Appellant was charged with rape under R.C. 2907.02
(A)(1)(b) which reads in pertinent part:
"(A)(1): No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when any of the following applies: * * *
"(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
 {¶ 22} Additionally, sexual conduct is defined by R.C.2907.01 (A) as
"vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
 {¶ 23} At Appellant's trial, the victim gave a detailed description of the incident. The victim, who was ten years old at the time of the incident, indicated that Appellant penetrated her vagina with his penis. She went on to testify that Appellant left "white stuff" in her vaginal area. No testimony was given that contradicted the victim's testimony. Further, her testimony was bolstered by the testimony of her brother indicating that he had been abused as well. As this testimony was never contradicted, we cannot say that the jury lost its way in finding Appellant guilty of rape. Having disposed of Appellant's claim that the verdict was against the manifest weight of the evidence, we similarly dispose of his challenge to the sufficiency of the evidence. Appellant's third and fourth assignments of error are overruled.
 ASSIGNMENT OF ERROR NUMBER FIVE
"Appellant was deprived of his right to the effective assistance of counsel as guaranteed by the sixth andfourteenth amendments to the united states constitution and article I, section 10 of the ohio constituion."
 {¶ 24} In his final assignment of error, Appellant asserts that he received ineffective assistance of counsel. In evaluating an ineffective assistance of counsel claim, this Court employs a two step process as described in Strickland v. Washington
(1984), 466 U.S. 668, 687. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v. Bradley
(1989), 42 Ohio St.3d 136, 141; State v. Lytle (1976),48 Ohio St.2d 391, 396. Second, the court must determine if prejudice resulted to the defendant from counsel's ineffectiveness.Bradley, 42 Ohio St.3d at 141-142, citing Lytle,48 Ohio St.2d at 396-397. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. Bradley, 42 Ohio St.3d at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "`counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48-49, quoting Strickland,466 U.S. at 687.
 {¶ 25} Appellant argues two specific errors by his trial counsel; the failure to present evidence to the jury that Appellant did not flee the jurisdiction of the court and the failure to present evidence that the State did not utilize reasonable diligence in serving the indictment on Appellant. It is unclear to this Court what evidence Appellant's trial counsel could have presented on the issues. The only testimony on record indicates that Appellant did in fact flee to Puerto Rico upon learning of the charges against him. Further, Appellant's trial counsel objected to the flight instruction being given to the jury. Additionally, the record reflects that the State took numerous measures in an attempt to serve the indictment on the Appellant. There is nothing in the record to suggest any evidence existed for Appellant's trial counsel to introduce that would demonstrate that the State failed to exercise reasonable diligence in locating and serving the indictment on Appellant. Therefore, we cannot say that Appellant's trial counsel committed errors so serious as to deprive Appellant of a fair trial. Accordingly, Appellant's fifth assignment of error is overruled.
 III. {¶ 26} Appellant's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Batchelder, J., concur.