[Cite as *State v. Lightner*, 2009-Ohio-4443.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

   PLAINTIFF-APPELLEE,                    CASE NO. 6-09-02

   v.

JESSE LEE LIGHTNER,                  **O P I N I O N**

   DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CRI 20082133

Judgment Affirmed

Date of Decision:  August 31, 2009

APPEARANCES:

   *Todd A. Workman* **for Appellant**

   *Maria Santo* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Jesse Lee Lightner, appeals the judgment of the Hardin County Court of Common Pleas convicting him of receiving stolen property, tampering with evidence, breaking and entering, grand theft, and engaging in a pattern of corrupt activity. On appeal, Lightner contends that the trial court erred by giving a particular supplemental instruction to the deadlocked jury, in violation of his Fifth and Sixth Amendment rights. Based upon the following, we affirm the judgment of the trial court.

{¶2} In July 2008, the Hardin County Grand Jury indicted Lightner for Count One: receiving stolen property in violation of R.C. 2913.51(A),(C), a felony of the fourth degree; Count Two: tampering with evidence in violation of R.C. 2921.12(A)(1),(B), a felony of the third degree; Count Three: breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree; Count Four: breaking and entering in violation of R.C. 2911.13(B), a felony of the fifth degree; Count Five: grand theft in violation of R.C. 2913.02(A)(1), (B)(2), a felony of the fourth degree; and, Count Six: engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), (B)(1), a felony of the first degree. The indictment arose after Lightner allegedly participated in a scheme to steal a trailer from Hancock County and sell it in Hardin County. Lightner entered a plea of not guilty to all counts in the indictment.

{¶3}  In January 2009, the State filed a motion to dismiss Count Three, which the trial court granted.  Thereafter, the case proceeded to trial.

{¶4}  After the close of testimony and approximately forty-five minutes after the jury began to deliberate, the jury foreman delivered a question to the bailiff stating the following: "To the best of my ability, we are not in agreement. Kimberly A. Collins.  If no decision, what happens with defendant."  The trial court stated to counsel its intention to bring the jury back in, remind them of their duties pursuant to the written instructions, and advise them that they needed to make more than a forty-five minute effort at attempting to reach a conclusion. Lightner's counsel objected to the trial court's proposal and stated that he wished the trial court to "stick to the proposed jury instructions and instruct them that they should give more time to consider those instructions."  (Trial Tr., p. 305).  The trial court noted Lightner's objection, and proceeded to state the following to the jury:

> **Ladies and gentlemen of the Jury the Court is in receipt of your question.  While the Court believes that you are making an honest effort, the Court cannot believe that in forty five minutes you have precluded any possibility of resolving this case.  There are a lot of things that need to be considered.  I would suggest you go back and re-read the written jury instructions that the Court supplied you concerning the fact that the Defendant can be found guilty or not guilty as to each count individually, that this is not a package case, and I suggest you take that approach and see what you can agree on, see what you can disagree on, and move on.  Really, at this point in time, I think you need to go back in and look at the instructions and listen to each other and try to come up with a solution to this case.  As far as the second**

3

**part of the inquiry, it's really not for you to even consider the ramifications of your action. Your action is to reach a verdict, okay, regardless of what that verdict is. So that being said, thank you for coming in, thank you for staying with it, and please try to reach a conclusion in this matter. \* \* \***

(Trial Tr., pp. 305-306). Lightner did not object during or subsequent to the supplemental instruction.

{¶5} After continuing deliberations, the jury returned a verdict finding Lightner guilty of Count One: receiving stolen property in violation of R.C. 2913.51(A),(C); Count Two: tampering with evidence in violation of R.C. 2921.12(A)(1),(B); Count Four: breaking and entering in violation of R.C. 2911.13(B); Count Five: grand theft in violation of R.C. 2913.02(A)(1), (B)(2); and, Count Six: engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), (B)(1).

{¶6} The trial court proceeded to find that Counts One and Five were allied offenses and merged them for sentencing purposes. The trial court then sentenced Lightner to a ten-month prison term for Count Four; a ten-month prison term for Count Five; a two-year prison term for Count Two; and, a seven-year prison term for Count Six. The trial court ordered Lightner to serve his prison term for Count Four concurrently with Count Five and consecutively to Counts Two and Six.

{¶7} It is from this judgment that Lightner appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED BY GIVING SUPPLEMENTAL INSTRUCTIONS TO THE JURY, OVER DEFENSE COUNSELS [SIC] OBJECTIONS, WHICH WERE IN DIRECT VIOLATION OF THOSE INSTRUCTIONS APPROVED BY THE OHIO SUPREME COURT IN STATE V. HOWARD (1989), 42 OHIO ST.3D 18.**

*Assignment of Error No. II*

**THE TRIAL COURT DENIED APPELLANT HIS FIFTH AMENDMENT RIGHT OF DUE PROCESS AS WELL AS HIS SIXTH AMENDMENT RIGHT TO A TRIAL BY AN IMPARTIAL JURY WHEN IT IMPROPERLY COERCED THE JURY WITH IMPROPER SUPPLEMENTAL INSTRUCTIONS.**

{¶8} Due to the nature of Lightner's arguments, we elect to address his assignments of error together for ease of discussion.

*Assignments of Error Nos. I & II*

{¶9} In his first assignment of error, Lightner contends that the trial court erred in giving the supplemental instruction to the jury over his objection on the basis that the instruction given was not the instruction approved by the Supreme Court of Ohio in *State v. Howard* (1989), 42 Ohio St.3d 18. In his second assignment of error, Lightner argues that the supplemental instruction was improper because it coerced the jury, denying him his Fifth Amendment right of due process and his Sixth Amendment right to trial by impartial jury. Specifically, Lightner claims that the instruction was coercive because it stressed that the jury

must reach a verdict and misled them to believe that a hung jury was not an option, in contravention of the guidelines set forth by *Howard*. We disagree.

**{¶10}** Initially, we note that the State argues that Lightner has waived all but plain error because he objected to the giving of any supplemental instruction, but did not object to the instruction itself as being contrary to *Howard*, or request that a *Howard* instruction be given. However, we find that Lightner clearly objected on the record to the giving of a supplemental instruction, and find his objection sufficiently preserved the error for our review.

**{¶11}** Jury instructions are within the trial court's discretion. *State v. Guster* (1981), 66 Ohio St.2d 266, 271. Accordingly, a trial court's decision whether to give a *Howard* instruction is within its discretion, and this court will not reverse that decision absent an abuse of discretion. *State v. Thomas*, 2d Dist. No. 2000-CA-43, 2001-Ohio-1353, citing *State v. King*, 7th Dist. No. 95 CA 163, 2000 WL 309393. An abuse of discretion connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶12}** In *Howard*, the Supreme Court of Ohio expressly approved of the following supplemental instruction to be given to juries deadlocked on the question of conviction or acquittal:

> **The principal mode, provided by our Constitution and laws, for deciding questions of fact in criminal cases, is by jury verdict. In a large proportion of cases, absolute certainty cannot be attained**

6

> **or expected. Although the verdict must reflect the verdict of each individual juror and not mere acquiescence in the conclusion of your fellows, each question submitted to you should be examined with proper regard and deference to the opinions of others. You should consider it desirable that the case be decided. You are selected in the same manner, and from the same source, as any future jury would be. There is no reason to believe the case will ever be submitted to a jury more capable, impartial, or intelligent than this one. Likewise, there is no reason to believe that more or clearer evidence will be produced by either side. It is your duty to decide the case, if you can conscientiously do so. You should listen to one another's arguments with a disposition to be persuaded. Do not hesitate to reexamine your views and change your position if you are convinced it is erroneous. If there is disagreement, all jurors should reexamine their positions, given that a unanimous verdict has not been reached. Jurors for acquittal should consider whether their doubt is reasonable, considering that it is not shared by others, equally honest, who have heard the same evidence, with the same desire to arrive at the truth, and under the same oath. Likewise, jurors for conviction should ask themselves whether they might not reasonably doubt the correctness of a judgment not concurred in by all other jurors.**

42 Ohio St.3d at 25-26. We note that virtually the same instruction has been adopted by the Ohio Jury Instructions. See Ohio Jury Instructions (2008), Section CR 429.09(2).

{¶13} In formulating the *Howard* instruction, the Supreme Court of Ohio was "mindful of several competing factors when giving a supplemental instruction to a divided jury and attempted to accommodate those factors." *State v. Troglin*, 3d Dist. No. 14-04-41, 2005-Ohio-6562, ¶46, citing *Howard*, 42 Ohio St.3d at 23-24. Particularly, the instruction may not isolate jurors holding the minority position and direct them to reconsider their positions. Id., citing *Howard*, 42 Ohio

St.3d at 24. Additionally, the instruction may not coerce the jury by stressing that it must reach a verdict. Id. Moreover, through the instruction, the trial judge must remind the jury of its purpose—to reach a unanimous decision. Id. Finally, the instruction must be balanced and neutral, ask all of the jurors to reconsider their opinions, and encourage a verdict. Id., citing *Howard*, 42 Ohio St.3d at 24-25.

{¶14} Furthermore, this Court has previously found that "[t]here is no bright line rule that may be used to determine when a jury is deadlocked and when the supplemental charge should be read to the jury." *State v. Gary*, 3d Dist. No. 5-99-51, 2000-Ohio-1679, citing *State v. Minnis*, 10th Dist. No. 91AP-844, 1992 WL 30720. Additionally, "[i]t is a well-settled principle that the law encourages jurors to agree, not to deadlock, and a court may urge a jury to make [every] reasonable effort to reach a verdict." Id., citing *State v. Sabbah* (1982), 13 Ohio App.3d 124, 138. Finally, the *Howard* instruction is to be given to a jury "'when determination has been made that the jury is deadlocked in its decision.'" Id., quoting *Minnis*, supra.

{¶15} In *Gary*, supra, this Court determined that a trial court did not err in failing to deliver a *Howard* instruction after the jury commented that it may have been deadlocked only four hours into deliberations. In making this decision, we found that "[s]everal courts have agreed that an initial comment by the jurors after only a short period of deliberation does not require that the Court immediately

give a *Howard* instruction." *Gary*, citing *State v. Dickens*, 1st Dist. No. C-960365, 1998 WL 226537, *State v. Beasley*, 1st Dist. No. C-980535, 1999 WL 162453.

{¶16} Here, the jury deliberated for only forty-five minutes on the five-count case before indicating to the trial court that they were "not in agreement" and inquiring what would happen if there was "no decision." Thus, they did not indicate that they were deadlocked. Additionally, the trial court made no determination that the jury was deadlocked. We find this situation to be similar to that presented in *Gary*—an initial comment by the jurors after a very short period of deliberation. Such a situation does not require the trial court to immediately give a *Howard* instruction. See *Gary*, supra; *Dickens*, supra; *Beasley*, supra. Thus, we find that the trial court did not abuse its discretion in failing to give the supplemental instruction for deadlocked juries set forth in *Howard* and adopted by the Ohio Jury Instructions.

{¶17} Next, Lightner contends that the instruction given by the trial court did not comport with the balance of factors required by the *Howard* instruction. However, it is well-established that a trial court may urge the jury to make reasonable efforts to reach a verdict. See *Gary*, supra. After examining the trial court's instruction given here, we find that the trial court did exactly that. The trial court merely told the jury it needed to spend more than forty-five minutes deliberating, instructed them to re-read the written instructions, and directed them to attempt to reach a conclusion. We do not find that this instruction coerced the

jury into reaching a verdict or misled them into believing a hung jury was not an option.

**{¶18}** Accordingly, we overrule Lightner's first and second assignments of error.

**{¶19}** Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jnc**