[Cite as *State v. Wilson*, 2010-Ohio-2294.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### ALLEN COUNTY

STATE OF OHIO,                                              CASE NO. 1-09-64

    PLAINTIFF-APPELLEE,

  v.

DESMOND J. WILSON,                                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2009 0286

Judgment Affirmed

Date of Decision:  May 24, 2010

APPEARANCES:

    *Destiny R. Slaughterbeck,* **Appellant**

    *Samuel D. Patry,* **for Appellee**

**Rogers, J.**

{¶1} Defendant-Appellant, Desmond Wilson, appeals from the judgment of the Court of Common Pleas of Allen County convicting him of one count of discharging a firearm into an occupied structure, one count of felonious assault with a firearm specification, and one count of having weapons while under disability, and sentencing him to a twenty-year prison term. On appeal, Wilson argues that the trial court abused its discretion in instructing the jury on consciousness of guilt where there was insufficient evidence to support the instruction. Based on the following, we affirm the judgment of the trial court.

{¶2} In October 2009, the Allen County Grand Jury indicted Wilson on Count One: discharging a firearm into an occupied structure in violation of R.C. 2923.161(A)(1), a felony of the second degree; Count Two: felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree, with a firearm specification pursuant to R.C. 2941.145(A); and, Count Three: having weapons while under disability, a felony of the third degree. The indictment arose from an incident during which Wilson fired several shots at Brenda Brown in retaliation for her son's testimony in Wilson's brother's bank robbery trial. Subsequently, Wilson entered a plea of not guilty to all counts in the indictment.

{¶3} In November 2009, the case proceeded to trial, at which Patrolman George Caldwell testified that, on September 3, 2009, he received an order to

serve an arrest warrant on Wilson based on his involvement in the Brown shooting; that, when he arrived at Wilson's residence, Wilson was sitting on the porch; that he informed Wilson he was under arrest, and Wilson began to run away; that he said to Wilson, "stop-police", several times as he ran (trial tr., p. 123); that, at no point did he inform Wilson of the basis for his arrest or show him the arrest warrant; that, after he apprehended Wilson, and while he walked Wilson back to the police cruiser, Wilson stated, "I didn't shoot at nothing" (id.); that this statement was unsolicited; and, that Wilson's arrest warrant was also for charges unrelated to the Brown shooting, including obstructing official business and failure to appear.

{¶4} Subsequently, the State rested its case and requested a consciousness of guilt jury instruction, to which Wilson objected, arguing that insufficient evidence was presented to warrant the instruction and that the instruction would prejudice his case. The trial court granted the State's request for the jury instruction and instructed the jury, in pertinent part, as follows:

> **Now, testimony has been admitted indicating that the defendant resisted arrest. You are instructed that defendant's running alone does not raise a presumption of guilt, but it may tend to indicate the defendant's consciousness or awareness of guilt. If you find that the facts do not support that the defendant resisted arrest, or if you find that some other motive prompted the defendant's conduct, or if you are unable to decide what the defendant's motivation was, then you should not consider this evidence for any purpose. However, if you find that the facts support that the defendant engaged in such conduct, and if you decide the defendant was motivated by a consciousness or an**

**awareness of guilt, you may, but are not required to, consider that evidence in deciding whether the defendant is guilty of the crimes charged. You alone will determine what weight, if any, to give to this evidence.**

(Id. at 173-174).

{¶5} Subsequently, the jury convicted Wilson on all three counts in the indictment, including the firearm specification in Count Two. The trial court immediately proceeded to sentencing, ordering Wilson to serve a six-year prison term on Count One, a six-year prison term on Count Two, with an additional three-year prison term for the firearm specification, and a five-year prison term on Count Three, all to be served consecutively to each other, for a total twenty-year prison term.

{¶6} It is from his conviction and sentence that Wilson appeals, presenting the following assignment of error for our review.

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT INSTRUCTED THE JURY ON CONSCIOUSNESS OF GUILT.**

{¶7} In his sole assignment of error, Wilson argues that the trial court erred in instructing the jury on consciousness of guilt. Specifically, he contends that insufficient evidence was presented at trial to warrant such an instruction. We disagree.

{¶8} A trial court's decision to give a jury instruction is within its discretion, and we will not reverse such a decision absent an abuse of that discretion. *State v. Lightner*, 3d Dist. No. 6-09-02, 2009-Ohio-4443, ¶11, citing

*State v. Guster* (1981), 66 Ohio St.2d 266, 271. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Nagle* (2000), 11th Dist. No. 99-L-089, 2000 WL 777835, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

{¶9} "'It is to-day universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.'" *State v. Eaton* (1969), 19 Ohio St.2d 145, 160, reversed in part on other grounds as stated by *Eaton v. Ohio* (1972), 408 U.S. 935, quoting 2 Wigmore, Evidence (3 Ed.), 111, Section 276. Accordingly, a jury instruction on consciousness of guilt based upon the flight of the accused is appropriate when supported by sufficient evidence in the record. See *State v. Jeffries*, 182 Ohio App.3d 459, 2009-Ohio-2440, ¶80, citing *State v. Davilla,* 9th Dist. No. 03CA008413, 2004-Ohio-4448, ¶12. This Court has previously found a consciousness of guilt instruction to be proper where a defendant boarded up his back door and hid in a crawl space when the police came to his home to execute a search warrant, *State v. McCullough*, 3d Dist. No. 12-07-09, 2008-Ohio-3055; and, where a defendant ran and hid in between some apartment buildings when he

saw a police cruiser searching the area in response to a dispatch call about shots being fired, *State v. Ingram*, 3d Dist. No. 1-08-53, 2009-Ohio-1302.

{¶10} Here, Patrolman Caldwell testified that Wilson took off running when he approached Wilson's residence and informed Wilson that he was under arrest; that Wilson ran despite not being informed of the reason for the arrest; that he never told Wilson the basis for the arrest warrant; that the warrant was also based upon charges unrelated to the Brown shooting, including obstructing official business and failure to appear; and, that, as he was walking Wilson to the patrol car, Wilson made the unsolicited statement that he "didn't shoot at nothing." (Trial Tr., p. 123). Although Wilson argues that his flight could have been due to his knowledge of other bases for the arrest warrant, and that he could have made the statement about the shooting because he lives in close proximity to Brown's residence and was aware of the shooting, these arguments only serve to demonstrate reasons the jury could find that his flight was not evidence of consciousness of guilt, not that a consciousness of guilt instruction was unwarranted. There was clearly sufficient evidence to allow a reasonable inference that Wilson's flight, coupled with his subsequent comment to Patrolman Caldwell, indicated a consciousness of guilt such that a jury instruction on the issue was not an abuse of discretion by the trial court. We also note that the trial court's consciousness of guilt jury instruction mirrored the instruction as set forth in Ohio Jury Instructions (2009), Section CR 409.13(1), was clearly neutral in its

effect, and only permitted, not required, the jury to draw the conclusion that Wilson displayed a consciousness of guilt by fleeing the police.

{¶11} Accordingly, we overrule Wilson's assignment of error.

{¶12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J., and PRESTON, J., concur.**

**/jnc**