THE STATE OF OHIO, APPELLEE, *v.*
WOODSON, APPELLANT.*

(No. 84AP-824 — Decided July 2, 1985.)

*Michael Miller,* prosecuting attorney, and *Joyce S. Anderson,* for appellee.

*James Kura,* county public defender, and *John W. Keeling,* for appellant Jack A. Woodson.

NORRIS, J. Defendant was indicted for aggravated robbery — committing a theft offense with a deadly weapon, in this instance, a firearm. The indictment also included a firearm specification, charging that defendant had a firearm while committing the aggravated robbery. The facts indicated that defendant's accomplice was the person who had actually carried the firearm, and that the state's case on the specification was based upon defendant's having been an aider and abettor.

The jury returned a verdict of guilty of aggravated robbery. On the verdict form for the firearm specification, the court inexplicably crossed out the word "firearm" and substituted "deadly weapon," so that the verdict, when returned by the jury, read as follows:

We, the jury in this case, having found the defendant Jack A. Woodson guilty of Aggravated Robbery * * * do find that the Aggravated Robbery was not committed while the defendant had a ~~firearm~~ deadly weapon * * * on or about his person or under his control while committing said Aggravated Robbery."

Defendant raises one assignment of error:

"When a defendant is charged with the offense of aggravated robbery alleging that he committed a theft offense while having a deadly weapon on or about his person or under his control, it is error for the trial court to enter a judgment entry of conviction for aggravated robbery when the jury unanimously made and signed a special finding of fact in its verdict that the offense was not committed while the defendant had a deadly weapon on or about his person or under his control."

By his assignment of error, defendant contends that the verdicts were inconsistent, and that he is entitled to acquittal of aggravated robbery because an essential element of that offense, under the circumstances of this case, was that the theft offense was committed while the defendant had a deadly weapon and, by the verdict on the specification, the jury found that the element was not proved.

In criminal cases, as contrasted with civil cases (see, *e.g., Dunn* v. *Higgins* [1968], 14 Ohio St. 2d 239, at 246 [43 O.O.2d 368]; Civ. R. 49[B]), Ohio follows the general rule that consistency be-

* Reporter's Note: A motion for leave to appeal to the Supreme Court of Ohio was overruled on October 16, 1985 (case No. 85-1266).

tween verdicts on the several counts of an indictment is unnecessary where the defendant is convicted on one or some counts and acquitted on others, and the conviction will generally be upheld irrespective of its rational incompatibility with the acquittal. *State* v. *Adams* (1978), 53 Ohio St. 2d 223 [7 O.O.3d 393].

The Ohio rule is consistent with that pronounced in the leading federal case on the subject, *Dunn* v. *United States* (1932), 284 U.S. 390. In that case, the defendant was tried on a three-count indictment charging violations of federal liquor laws. The first count alleged that he had maintained a common nuisance by keeping liquor for sale, and the second and third counts charged unlawful possession and unlawful sale of the liquor. The jury convicted defendant of the first count, and acquitted him of the second and third counts. The United States Supreme Court rejected the claim that the inconsistent verdicts entitled the defendant to be discharged.

In a recent opinion, *United States* v. *Powell* (1984), ___ U.S. ___, 83 L.Ed.2d 461, the United States Supreme Court demonstrated the continuing vitality of the *Dunn* rule. Powell was charged in separate counts with (1) conspiracy to possess cocaine and possession of cocaine, and (2) with using the telephone to facilitate those offenses. She was acquitted by the jury on the first count, but found guilty on the second count. On appeal to the United States Supreme Court, defendant argued that the verdicts were inconsistent and that an acquittal on the predicate felony necessarily indicated that there was insufficient evidence to support the telephone facilitation convictions, since proof of the conduct covered by the first count was an element of the second count. In reaffirming the rule established in *Dunn,* and reject-

ing the defendant's argument, the high court observed at 471 that:

"* * * [T]here is no reason to vacate respondent's conviction merely because the verdicts cannot rationally be reconciled. Respondent is given the benefit of her acquittal on the counts on which she was acquitted, and it is neither irrational nor illogical to require her to accept the burden of conviction on the counts on which the jury convicted. * * *"

Speaking for the court, Justice Rehnquist elaborated on the rationale which supports continued adherence to the rule in *Dunn* at 468-471:

"* * * The rule that the defendant may not upset such a verdict embodies a prudent acknowledgement of a number of factors. First, * * * inconsistent verdicts — even verdicts that acquit on a predicate offense while convicting on the compound offense — should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. But in such situations the Government has no recourse if it wishes to correct the jury's error; the Government is precluded from appealing * * *.

"* * * [T]he possibility that the inconsistent verdicts may favor the criminal defendant as well as the Government militates against review of such convictions at the defendant's behest. This possibility is a premise of *Dunn's* alternative rationale — that such inconsistencies often are a product of jury lenity. Thus, *Dunn* has been explained by both courts and commentators as a recognition of the jury's historic function, in criminal trials, as a check against arbitrary or oppressive

exercises of power by the Executive Branch. * * *

"* * *

"We also reject, as imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error that worked against them. Such an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake. * * *

"* * *

"Second, respondent's argument that an acquittal on a predicate offense necessitates a finding of insufficient evidence on a compound felony count simply misunderstands the nature of the inconsistent verdict problem. Whether presented as an insufficient evidence argument, or as an argument that the acquittal on the predicate offense should collaterally estop the Government on the compound offense, the argument necessarily assumes that the acquittal on the predicate offense was proper — the one the jury 'really meant.' This, of course, is not necessarily correct; all we know is that the verdicts are inconsistent. The Government could just as easily — and erroneously — argue that since the jury convicted on the compound offense the evidence on the predicate offense must have been sufficient. * * *"

Because we regard as persuasive the extensive discussion by the United States Supreme Court in *Powell* concerning the rationale for its continued adherence to the rule of *Dunn,* we adopt that rationale as applicable to the circumstances of this case and, finding that rationale to be consistent with the holding of *State* v. *Adams, supra,* overrule the assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

STRAUSBAUGH and MOYER, JJ., concur.