[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} The defendant-appellant, James Hill, appeals from his conviction of one count of nonsupport of dependents, a violation of R.C.2919.21(B), which provides that "no person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." R.C. 2919.21(D) provides an affirmative defense: that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means. But R.C. 2919.21(F) provides that it is not a defense that the person whom a court has ordered the accused to support is being adequately supported by someone other than the accused. The jury acquitted Hill of violating R.C. 2919.21(A)(2) by failing to provide adequate support for a child. Hill raises four assignments of error.
{¶ 3} In his first assignment of error, Hill asserts that the trial court erred when it refused to grant his motion to continue the trial date. "The determination of whether to grant a continuance is entrusted to the broad discretion of the trial court."[1] "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[2] Relevant factors to be considered include "the length of delay requested, prior continuances, inconvenience, [and] the reasons for the delay."[3] An appellate court must weigh any potential prejudice to the defendant against a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.[4]
{¶ 4} Hill filed his motion for a continuance because one of his witnesses suffered from a painful medical condition, eventually requiring treatment on the scheduled trial date, and finally hospitalization. While the trial court permitted a delay, limited to two days, before the defense had to present its case, it was more preoccupied with its docket "getting stacked up." As the trial court denied Hill's motion without addressing the relevant factors, the procedure employed by the trial court was flawed. Nonetheless, having reviewed the record and the proffered testimony of the medically incapacitated witness, we are persuaded that the testimony was cumulative to that given by other witnesses. Thus, we cannot say that without the testimony at trial Hill suffered any prejudice from the trial court's refusal to grant his motion for a continuance. Therefore, Hill's first assignment of error is overruled.
{¶ 5} In his second assignment of error, Hill asserts that the trial court erred by refusing admission of evidence to support Hill's affirmative defense. The admission or exclusion of relevant evidence is within the discretion of the trial court.[5] When applying the abuse-of-discretion standard, an appellate court may not substitute its judgment for that of the trial court.[6] While Hill intended to present evidence that he was supporting other households, proof that Hill made the personal choice to support persons other than his son would not have addressed the issue of Hill's legal obligation either to make court-ordered payments[7] or to provide the support that was within his ability and means.[8] As the Tenth Appellate District has noted, in enacting R.C. 2919.21(D), the legislature has decided that parents should not be criminally liable for circumstances beyond their control, such as layoffs, strikes, accidents, illnesses, and the like.[9] Hill's considered choice to make payments to others in lieu of payments required under a court order was not an affirmative defense. Thus, we cannot say that the trial court abused its discretion in excluding Hill's evidence. Moreover, the proper standard for determining whether a defendant has successfully raised an affirmative defense under R.C. 2901.05 is to inquire whether the defendant has introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable men concerning the existence of the defense.[10] "If the evidence generates only a mere speculation or possible doubt, such evidence is insufficient to raise the affirmative defense, and submission of the issue to the jury will be unwarranted."[11] As we have already noted, Hill's defense that he had chosen to make payments to others in lieu of court-ordered payments for his child would not have warranted the specific jury instruction requested by Hill. Thus, Hill's second assignment of error is overruled.
{¶ 6} In his third assignment of error, Hill asserts that the trial court erred in overruling his Crim.R. 29 motion for acquittal, mounting as well a challenge to the manifest weight of the evidence. A court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.[12] The state proved that there was a court order in effect during the period stated in the indictment, and that Hill had failed to make payments for 97 out of 104 weeks. Hill did not contest the court order's existence or his identify as the child's father. Thus, the trial court did not err in overruling the Crim.R. 29 motion for acquittal.
{¶ 7} Inconsistent jury verdicts provide no basis for reversal on appeal when a conviction is supported by the manifest weight of the evidence.[13] Regarding Hill's manifest-weight-of-the-evidence challenge, we have examined the entire record, weighed the evidence and all reasonable inferences, considered the credibility of the witnesses and determined that, in resolving conflicts in the evidence, the jury clearly did not lose its way and create such a manifest miscarriage of justice that Hill's conviction must be reversed and a new trial ordered.[14] Thus, Hill's third assignment of error is overruled.
{¶ 8} In his fourth assignment of error, Hill contends that he suffered prejudice when the trial court abused its discretion by admitting prosecution documents into evidence. Hill argues that certain documents were not disclosed "in the state's discovery response and were not relevant * * *." Crim.R. 16(E)(3) provides for the regulation of discovery in criminal cases and permits a trial court to exercise discretion in determining an appropriate sanction for a discovery violation.[15] "Courts have consistently held that where a prosecutor violates Crim.R. 16 by failing to properly disclose evidence, a trial court does not abuse its discretion in admitting non-disclosed evidence where the record fails to disclose (1) a willful violation of the rule, (2) that foreknowledge would have benefited the accused in the preparation of his or her defense, or (3) that the accused was unfairly prejudiced.[16] Assuming arguendo that there even were discovery violations, we find nothing in the record to show that the state's discovery violations were willful or that the outcome of the trial would have been different had the documentary evidence been disclosed. Thus, we cannot say that the trial court abused its discretion. Hill's fourth assignment of error is overruled.
{¶ 9} Therefore, the judgment of the trial court is affirmed.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., HILDEBRANDT and Winkler, JJ.
[1] State v. Murphy, 91 Ohio St.3d 516, 523, 2001-Ohio-112,747 N.E.2d 765, citing State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078, syllabus.
[2] See State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
[3] See State v. Murphy, 91 Ohio St.3d at 523, 2001-Ohio-112,747 N.E.2d 765, citing State v. Landrum (1990), 53 Ohio St.3d 107, 115,559 N.E.2d 710.
[4] See State v. Unger (1981), 67 Ohio St.2d 65, 67, 423 N.E.2d 1078;State v. Washington (Aug. 17, 2001), 1st Dist. No. C-000754.
[5] See State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus.
[6] See Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621, 614 N.E.2d 748.
[7] See R.C. 2919.21(B).
[8] See State v. Brown (1982), 5 Ohio App.3d 220, 222, 451 N.E.2d 1232
(lack of means alone cannot excuse lack of effort).
[9] See State v. Tackett (June 13, 2000), 10th Dist. No. 99AP-1489.
[10] See State v. Melchior, 56 Ohio St.2d 15, 381 N.E.2d 195, paragraph one of the syllabus.
[11] Id. at 20, 381 N.E.2d 195 (citation omitted).
[12] See State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
[13] See State v. Parker (Apr. 26, 1995), 1st Dist. No. C-940097; Statev. Woodson (1985), 24 Ohio App.3d 143, 143-144, 493 N.E.2d 1018.
[14] See State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541; State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[15] See State v. Wiles (1991), 59 Ohio St.3d 71, 78, 571 N.E.2d 97.
[16] See State v. Otte (1996), 74 Ohio St.3d 555, 563, 1996-Ohio-108,660 N.E.2d 711; State v. Parson (1983), 6 Ohio St.3d 442, 453 N.E.2d 689, syllabus.