[Cite as *State v. Clement*, 2012-Ohio-582.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 94869**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## REGINALD CLEMENT

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-518986
Application for Reopening
Motion No. 445587

**RELEASE DATE:** February 13, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square Ste 1016
Cleveland, OH 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Steven E. Gall
Mary McGrath
Brad S. Meyer
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶ 1}** On June 24, 2011, the applicant, Reginald Clement, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Clement*, 8th Dist. No. 94869, 2011-Ohio-1555, 2011 WL 1168133, in which this court affirmed Clement's convictions for one count of aggravated murder, one count of murder, two counts of aggravated robbery, and two counts of kidnapping, with accompanying firearm specifications. Clement now argues that his appellate counsel was ineffective for not arguing the following: (1) the trial court erred in refusing to instruct on the lesser included offenses of

manslaughter and reckless homicide; (2) the trial court erred in refusing to instruct the jury that pleas of guilty by co-defendants could not be considered as substantive evidence of Clement's guilt; (3) the trial court erred in not instructing the jury on a culpable mental state as an aider and abettor; (4) the trial court erred when it instructed on flight; (5) trial counsel was ineffective for failing to object to the jury instructions, for failing to request an instruction on identification and for failing to file a motion to suppress Dominic Rodgers's identification of Clement; (6) the trial court erred in sentencing for aggravated murder when the jury returned a verdict of guilty for murder; and (7) the trial court erred in not declaring a mistrial when there was a blatant discovery violation. For the following reasons, this court denies the application to reopen.

{¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), cert. denied, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990); and *State v. Reed*, 74 Ohio St.3d 534, 660 N.E.2d 456 (1996).

{¶ 3} In *Strickland* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 104 S.Ct. at 2065.

{¶ 4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638 and *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1.

{¶ 5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability

that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

**{¶ 6}** Clement's first argument is that the trial court should have instructed on the lesser included offenses of manslaughter and reckless homicide, especially because this was a capital case. In *State v. Bolton*, 8th Dist. No. 96385, 2012-Ohio-169, 2012 WL 171039, ¶45, this court reviewed the requisites for giving a lesser included offense charge.

> A charge on a 'lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense.' *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d (1988), paragraph two of the syllabus; *State v. Shane,* 63 Ohio St.3d 630, 632-633, 590 N.E.2d 272 (1992). Conversely, if the jury could not reasonably find against the state on any element of the crime, then a charge on a lesser included offense is not only not required, but improper.

Clement in his brief also admits that the evidence must support the charge on the lesser included offense.

**{¶ 7}** In the present case, Clement, Dominic Rodgers, Alfred Rodgers, Demetrius Williams, and Lavonte Green conspired to rob Gregory Williams, a marijuana dealer, of his money and drugs. They lured Gregory to the Rodgers's house on the pretext of

buying marijuana. Tramel Wallace drove Gregory to the house and pulled all the way into the driveway, approximately 40 feet. Gregory was in the front passenger seat. Clement, who had a gun, stood by the passenger side door, and Green jumped into the back seat, pointed his gun at Gregory, and announced the robbery. Gregory grabbed Green's gun, jumped into the back seat, and wrestled for control of the gun. As Wallace backed up the car, Clement ran along side the length of the driveway. When Wallace stopped the car at the end of the driveway, Clement stuck his gun in the passenger side window and shot Gregory in the chest, mortally wounding him.

{¶ 8} Clement's acts of pursuing the car, sticking the gun into the window and shooting Gregory at close range show intent and purpose inconsistent with reckless homicide or manslaughter. The evidence did not support such charges. Thus, appellate counsel in the exercise of professional judgment could properly conclude not to raise this issue.

{¶ 9} During the trial, the prosecutor elicited from Alfred Rodgers that he had pleaded guilty to manslaughter and aggravated robbery for his involvement in the conspiracy. Defense counsel also cross-examined Alfred about his guilty plea. Dominic Rodgers also admitted that he was guilty of accessory to manslaughter. For his second argument, Clement asserts that the trial court should have instructed the jury that co-defendants's pleas of guilty or convictions could not be considered as substantive evidence of Clement's guilt. This court in *State v. Karstone*, 8th Dist. No. 95104, 2011-Ohio-1930, 2011 WL 1584116, ¶42, stated the criteria for such a charge: "the

admission of such evidence without a limiting instruction is not reversible error if defense counsel does not request an instruction and if the evidence was introduced for a proper purpose." Proper purposes include impeaching the witness or showing that the state has nothing to hide in its plea agreements.

{¶ 10} In the present case, Clement did not establish the prerequisites for giving the instruction. A review of the transcripts shows that the guilty plea was introduced for proper purposes and that the prosecutor did not emphasize the guilty plea or Dominic's conviction. Thus, Clement's argument is not well taken.

{¶ 11} Next, Clement argues that the trial court erred in allowing him to be convicted as an aider and abettor without any requirement that defendant possessed a culpable mental state. This proposed assignment of error is ill-founded, because the trial court gave a full instruction on "purpose" when giving the jury charge on aiding and abetting.

{¶ 12} Clement's next argument is that he was denied due process when the trial court instructed on flight. He cites several old cases, *e.g.*, *Dillon v. State*, 7 Ohio L.Abs. 46, (Ct. App. 1928), for the proposition that circumstances of flight is as consistent with the theory of innocence as of guilt. However, this is not the current view.

> "[I]t is also well established that the flight of an accused from justice is admissible as evidence for the consciousness of guilt. * * * It is to-day [sic] universally conceded that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and

related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself.' 2 Wigmore on Evidence (3 Ed.), 111, Section 276, * * * (Citations omitted.) It is reserved for the jury to determine 'how much weight should be given to such evidence.' *United States v. Dillon* (C.A. 6 1989), 870 F.2d 1125, 1126, quoting *United States v. Craig* (C.A. 6, 1975), 522 F.2d 29, 32. 'A jury instruction on flight is appropriate if there is sufficient evidence in the record to support the charge.' *Davilla,* 2004-Ohio-4448, 2004 WL 1882651, at ¶12." *State v. Jeffries*, 182 Ohio App.3d 459, 2009-Ohio-2440, 913 N.E.2d 493, ¶ 80, and *State v. Taylor*, 8th Dist. No. 86449, 2006-Ohio-3019, 2006 WL 1644914.

Thus, Clement's argument is not well-founded, and appellate counsel in the exercise of professional judgment could reject it.

{¶ 13} Next, Clement argues that his trial counsel was ineffective in various ways. First, trial counsel should have objected to the jury instruction on aiding and abetting because it did not include an instruction on culpable mental state. As stated earlier, this argument is baseless because the judge did instruct on "purpose" in the aiding and abetting charge.

{¶ 14} During the examination of the driver, Tramel Wallace, the prosecution asked him if he could see the shooter in the courtroom today. Wallace apparently looked at Clement, but did not say anything before defense counsel objected and moved for a mistrial. Clement now maintains that his counsel should have requested an instruction

on identification. Following the supreme court's admonitions, this court will not second-guess trial counsel's strategy and tactics on this point. Moreover, the trial court did instruct the witness to testify to the truth which would be that he could not identify the shooter. Thus, this argument is also not well-founded.

{¶ 15} Clement also argues that trial counsel was ineffective for not filing a motion to suppress Dominic Rodgers's identification of Clement. However, Clement fails to establish prejudice. The trial judge held an extensive voir dire at trial on Dominic's ability to identify Clement and ruled that Dominic in fact knew Clement because there was a relationship between them. During this voir dire the trial judge elicited that Dominic had seen Clement before the day of the robbery and that he was related to Dominic's sister's boyfriend. Thus, the judge allowed Dominic to identify Clement. There is no reason to believe that moving to suppress the identification before trial would have changed the judge's ruling.

{¶ 16} Count I charged Clement with aggravated murder under R.C. 2903.01(A) that he purposely and with prior calculation and design caused the death of another. Count II charged him with aggravated murder under R.C. 2903.01(B) that he purposely caused the death of another while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit aggravated robbery. The jury found him not guilty of aggravated murder under Count I, but guilty of the lesser included offense of murder under Count I. The jury also found him guilty of aggravated murder under Count II. The trial judge merged the murder count, the two aggravated robbery

counts, and the kidnapping count concerning Gregory into Count II, and sentenced Clement to life imprisonment with parole eligibility after 30 years. Clement now argues that the jury verdicts for murder and aggravated murder are inherently inconsistent, and he should have been sentenced only on the murder conviction.

> "[I]n criminal cases, consistency between verdicts on several counts of an indictment is unnecessary where the defendant is convicted on one or some counts, and acquitted on others, and the conviction will generally be upheld, irrespective of its rational incompatibility with the acquittal.' *State v. Sailor,* 8th Dist. No. 83552, 2004-Ohio-5207, 2004 WL 2340113, ¶ 88, citing *State v. Woodson*, 24 Ohio App.3d 143, 493 N.E.2d 1018 (10th Dist. 1985)." *State v. Bolton,* 8th Dist. No. 96385, 2012-Ohio-169, 2012 WL 1717039, ¶74.

Also the evidence supports the finding that Clement purposely killed Gregory during a robbery or attempted robbery. It is also understandable how on these facts a jury might conclude that the state had not proven the element of prior calculation and design beyond a reasonable doubt. Appellate counsel in the exercise of professional judgment could decline to raise this issue.

{¶ 17} Finally, Clement argues that the trial court erred in not granting a mistrial because there was a blatant discovery violation. Clement asserts that his defense counsel had been told that Tramel Wallace was unable to make an identification. However, it appears that the prosecution was going to have him make an identification,

and defense counsel had not been provided with discovery in that regard. Clement does not establish prejudice for the failure to make discovery. Defense counsel was able to timely object and prevent Wallace from identifying Clement as the shooter.

{¶ 18} Accordingly, this court denies the application to reopen.


FRANK D. CELEBREZZE, JR., J.

MARY EILEEN KILBANE, P.J., AND
JAMES J. SWEENEY, J., CONCUR