[Cite as *State v. Jones*, 2012-Ohio-920.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96901**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## DEMETRIUS JONES

DEFENDANT-APPELLEE

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-524453

**BEFORE:** Cooney, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 8, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

By: Matthew E. Meyer
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103

James J. McDonnell
75 Public Square
Suite 700
Cleveland, Ohio 44113-2001

COLLEEN CONWAY COONEY, J.:

{¶1} Plaintiff-appellant, the state of Ohio ("the State"), appeals the trial court's granting a motion for a new trial filed by defendant-appellee, Demetrius Jones ("Jones"), after a jury rendered two seemingly inconsistent verdicts. We find merit to the appeal and reverse.

{¶2} Jones was charged with one count of murder in violation of R.C. 2903.02(B), and one count of felonious assault in violation of R.C. 2903.11(A)(1). The charges arose from the homicide of his girlfriend's one-year-old baby. The murder count alleged that Jones "did cause the death of [C.G.], as a proximate result of the offender committing or attempting to commit an offense of violence that is a felony of the first or second degree, to wit: Felonious Assault, in violation of Section 2903.04(A)(9) of the Revised Code." The felonious assault count alleged that Jones "did knowingly cause serious physical harm to [C.G.]."

{¶3} In its charge, the court instructed the jury on separate counts as follows:

Consider the counts separately. Okay. The charges set forth in each count in the indictment constitute a separate and distinct matter. You must consider each count and the evidence applicable to each count separately. And you must state your finding as to each count uninfluenced by your verdict as to the other count. The defendant may be found guilty or not guilty of any one or all of the offenses charged.

*   *   *

You can consider — when you think about the multiple counts, it's possible you could have differing verdicts. Do you understand? That comes from me. That's the law. That's what that whole consider the counts separately instruction is about.

{¶4} The jury returned a guilty verdict on the murder count, but not guilty on the felonious assault count. Jones moved for acquittal and/or for a new trial. He argued that the acquittal on the felonious assault count is inconsistent with a guilty verdict on the murder count because felonious assault is an element of the murder count. The court granted the motion, and this appeal followed.

{¶5} In its sole assignment of error, the State argues the trial court abused its discretion in granting Jones a new trial because Ohio law precludes a finding of inconsistency between a jury's verdicts for multiple counts within the same indictment. We agree.

{¶6} A trial court's decision granting a motion for new trial will not be reversed on appeal absent an abuse of that discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus. To find an abuse of discretion, we must find that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶7} Ever since the United States Supreme Court decided the seminal case of *United States v. Dunn*, 284 U.S. 390, 52 S.Ct. 189 (1932), Ohio courts have held that "a verdict that convicts a defendant of one crime and acquits him of another, when the first crime requires proof of the second, may not be disturbed merely because the two findings are irreconcilable." *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d

995, ¶ 81. *See also State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047; *State v. Adams*, 53 Ohio St.2d 223, 374 N.E.2d 137 (1978).

{¶8} In *Dunn*, Justice Holmes announced that "[c]onsistency in the verdict is not necessary." *Dunn* at 393. The Supreme Court upheld Dunn's conviction of "maintaining a common nuisance by keeping for sale at a specified place intoxicating liquor," even though that conviction was inconsistent with his acquittals on charges for unlawful possession and unlawful sale of liquor. *Id*. at 391-394. The *Dunn* Court explained that lenity is an appropriate jury power, and while a verdict may result from compromise or mistake on the part of the jury, a judge should not upset the verdict by speculation into such matters. *Id*. at 394. The *Dunn* Court concluded that the acquittal resulted from the jury's lenity, and therefore, the jury's verdict did not necessarily "'show that they were not convinced of the defendant's guilt.'" *Id.* at 393, quoting *U.S. v. Steckler*, 7 F.2d 59, 60 (2d Cir. 1925).

{¶9} "'[I]nconsistent verdicts — even verdicts that acquit on a predicate offense while convicting on the compound offense — should not necessarily be interpreted as a windfall for the Government at the defendant's expense.'" *Gardner* at ¶ 81, quoting *U.S. v. Powell*, 469 U.S. 57, 65, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). "It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise or lenity, arrived at an inconsistent conclusion on the lesser offense." *State v. Woodson*, 24 Ohio App.3d 143,

144, 493 N.E.2d 1018 (10th Dist.1985), citing *Powell* at 65. When the defendant

receives the benefit of an acquittal on one count, it is not unjust to require the defendant

to accept the jury's conviction on the second related count. *Powell* at 69. In reaffirming

the rule established in *Dunn* and rejecting the defendant's argument, the *Powell* court

explained:

> [T]he possibility that the inconsistent verdicts may favor the criminal defendant as well as the Government militates against review of such convictions at the defendant's behest. This possibility is a premise of *Dunn*'s alternative rationale — that such inconsistencies often are a product of jury lenity. Thus *Dunn* has been explained by both courts and commentators as a recognition of the jury's historical function, in criminal trials, to check against arbitrary or oppressive exercises of power by the executive branch.
>
> * * *
>
> We also reject, as imprudent and unworkable, a rule that would allow criminal defendants to challenge inconsistent verdicts on the ground that in their case the verdict was not the product of lenity, but of some error worked against them. Such an individualized assessment of the reason for inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake.
>
> * * *
>
> Second, respondent's argument that an acquittal on a predicate offense necessitates a finding of insufficient evidence on a compound felony count simply misunderstands the nature of the inconsistent verdict problem. Whether presented as an insufficiency evidence argument, or as an argument that the acquittal on the predicate offense should collaterally estop the Government on the compound offense, the argument necessarily assumes that the acquittal on the predicate offense was proper — the one the jury "really meant." This, of course, is not necessarily correct; all we know is that the verdicts are inconsistent. The Government could just as

easily — and erroneously — argue that since the jury convicted on the compound offense the evidence on the predicate offense must have been sufficient. *Powell* at 66-67.

**{¶10}** Furthermore, the Fifth Amendment prohibition against double jeopardy prevents the government from objecting to any such acquittal. *Green v. U.S.*, 355 U.S. 184, 188 (1957), citing *U.S. v. Ball*, 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300 (1896) (noting that the government cannot appeal an acquittal even if it appears erroneous). It would be unfair for the defendant to have the right to appeal an inconsistent verdict when it suits him, when the government may not. Moreover, the *Powell* court observed that defendants receive adequate protection against jury irrationality or error by a sufficiency of the evidence review at the trial and appellate levels. *Powell* at 68.

**{¶11}** The jury found Jones guilty of Count 1, which states that Jones "did cause the death of [C.G.], as a proximate result of the offender committing or attempting to commit an offense of violence that is a felony of the first or second degree, to wit: Felonious Assault, in violation of Section 2903.02 of the Revised Code." By finding Jones guilty of Count 1, the jury had to have found that Jones killed the victim by committing a felonious assault upon him. The felonious assault element is included in the count itself. The fact that the jury acquitted Jones of Count 2, which alleged felonious assault alone, is not necessarily inconsistent. The court instructed the jury to consider the counts separately. Once the jury found Jones guilty of murder, which

included the felonious assault, the second count of felonious assault could have been viewed as redundant.

**{¶12}** The sole assignment of error is sustained.

**{¶13}** Accordingly, we reverse the trial court's judgment granting Jones a new trial and order the trial court to reinstate his murder conviction.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR