[Cite as *State v. Jones*, 2013-Ohio-572.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98209

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEMETRIUS JONES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-524453

**BEFORE:**    Blackmon, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    February 21, 2013

**ATTORNEY FOR APPELLANT**

Rufus Sims
75 Public Square
Suite 1111
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mark J. Mahoney
Katherine Mullin
Assistant County Prosecutors
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}   Appellant Demetrius Jones ("Jones") appeals his conviction for murder and assigns the following error for our review:

**I.   Where a defendant is convicted of murder pursuant to R.C. 2903.02(B), and felonious assault is both the key element of the offense and the predicate, the conviction must be overturned where the jury acquitted the defendant of the separate charge of felonious assault.**

{¶2}   Having reviewed the record and pertinent law we affirm Jones's conviction. The apposite facts follow.

### Facts

{¶3}   The Cuyahoga County Grand Jury charged Jones with one count of murder in violation of R.C. 2903.02(B), and one count of felonious assault in violation of R.C. 2903.11(A)(1).   The charges arose from the murder of his girlfriend's one-year-old baby who was left in Jones's care.

{¶4}   The murder count alleged that Jones "did cause the death of [C.G.], as a proximate result of the offender committing or attempting to commit an offense of violence that is a felony of the first or second degree, to wit: felonious assault, in violation of Section 2903.02 of the Revised Code."   The felonious assault count alleged that Jones "did knowingly cause serious physical harm to [C.G.]."   The jury returned a guilty verdict on the murder count, but not guilty on the felonious assault count.   Jones moved for an acquittal and/or new trial.   He argued that the acquittal on the felonious assault count was inconsistent with the verdict on the murder count because felonious

assault is an element of the murder count. The trial court granted the motion, and the state appealed.

**{¶5}** This court in *State v. Jones*, 8th Dist. No. 96901, 2012-Ohio-920, reversed the trial court's granting of the motion. Relying on well established precedent, we held that "'a verdict that convicts a defendant of one crime but acquits him of another, even when the first crime requires proof of the second, may not be disturbed merely because the two findings are irreconcilable.'" *Id.* at ¶ 7, quoting *U.S. v. Powell*, 469 U.S. 57, 65, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). We explained, "it is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense." *Jones* at ¶ 9.

**{¶6}** On remand, the trial court reinstated the conviction and sentenced Jones to 15 years to life.

## Res Judicata

**{¶7}** In his assigned error, Jones contends that his conviction was against the manifest weight of the evidence because the jury found him not guilty of the separate offense of felonious assault; therefore, he contends he did not have the mens rea necessary to commit the felony-murder offense that was predicated on felonious assault.

**{¶8}** We conclude that res judicata prevents Jones from raising these arguments. This court has already held that his conviction for murder could stand in spite of the fact the jury found him not guilty of felonious assault. Jones is attempting to appeal our prior

decision by filing another appeal because he is attempting to reargue that a defendant cannot be found guilty of felony-murder and not guilty of a separate charge for the predicate offense. The law of the case doctrine precludes us from altering our prior decision. The law of the case doctrine provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984); *State v. Frazier*, 8th Dist. No. 95814, 2011-Ohio-2927.

{¶9} Additionally, res judicata also prevents our review of Jones's argument. "Where an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal following remand." *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143, 1995-Ohio-129, 652 N.E.2d 710. *Accord State v. Gillard*, 78 Ohio St.3d 548, 549, 1997-Ohio-183, 679 N.E.2d 276 (on appeal after remand, "new issues" are barred by res judicata). He could have filed a cross-appeal in the first appeal in order to preserve his arguments, but failed to do so. *Gillard,* 78 Ohio St.3d at 549 (because the appellant failed to raise these issues in his cross-appeal when his conviction was affirmed, his arguments are barred by res judicata.) Accordingly, Jones's sole assigned error is overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR