[Cite as *State v. Humphries*, 2014-Ohio-5423.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99924**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DAVID L. HUMPHRIES**

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-12-566544-C
Application for Reopening
Motion No. 476141

**RELEASE DATE:** December 8, 2014

**APPELLANT**

David L. Humphries #641-267
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Frank Romeo Zeleznikar
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** David L. Humphries has filed a timely application for reopening pursuant to App.R. 26(B). Humphries is attempting to reopen the appellate judgment, journalized in *State v. Humphries*, 8th Dist. Cuyahoga No. 99924, 2014-Ohio-1230, which affirmed his conviction and sentence for the offenses of kidnapping with firearm specifications, aggravated robbery with firearm specifications, and having weapons while under disability with forfeiture specifications. For the following reasons, we decline to reopen Humphries's original appeal.

**{¶2}** Humphries has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶3}** In *State v. Spivey*, 84 Ohio St.3d 24, 701 N.E.2d 696 (1998), the Supreme Court of Ohio specified the proof required of an applicant as follows:

> The two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id*. at 25.

**{¶4}** Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *State v. Gumm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 630 N.E.2d 339 (1994). Also, the United States Supreme Court has established that appellate counsel possesses the discretion to decide which issues are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal, thus

focusing on one central issue or at most a few key issues. *Jones*.

{¶5}    In the case sub judice, Humphries raises five proposed assignments of error in support of his claim of ineffective assistance of appellate counsel.    Humphries's initial assignment of error is that

> [a]ppellate and trial counsel were ineffective when they failed to argue the violation of Humphries speedy trial right under the 6th Amendment to the U.S. Constitution and the Ohio Constitution, Art. I, § 10.

{¶6} Specifically, Humphries argues that he was not brought to trial within 270 days of his initial arrest.

{¶7}    R.C. 2945.71(C)(2) and (E) require that a defendant charged with a felony offense be brought to trial within 270 days of arrest or within 90 days if the accused is held in jail in lieu of bail.    The days that the defendant is incarcerated are subject to the triple-count provision of R.C. 2945.71(E).    However, the time period for bringing a defendant to trial may be extended pursuant to R.C. 2945.72.    Reasons for an extension of the period for a timely trial include any delay necessitated by defendant's motion, any continuances granted as a result of defendant's motion, and the period of any continuance granted other than upon the defendant's own motion. *See* R.C. 2945.72(A)-(I).

{¶8}    Herein, a review of the docket in *State v. Humphries*, Cuyahoga C.P. No. CR-12-566544-C, demonstrates that Humphries was arrested on September 1, 2012, and that trial commenced on February 27, 2013.    Thus, a period of 179 days elapsed between the date of arrest and trial.    Because Humphries was incarcerated in lieu of bail, the triple-count provision must be applied to determine whether he was timely brought to trial within 270 days of arrest. In addition, we must determine whether any of the 179 days were tolled pursuant to R.C. 2945.72.

**{¶9}**     Further review of the docket demonstrates that a total of 154 days were tolled as a result of Humphries's request for a bill of particulars, his request for Crim.R. 16 discovery, and 11 continuances granted on his own motions.   A total of 25 days were not tolled:

1)     Humphries arrested on September 1, 2012, (incarcerated in lieu of bond) to the filing of Humphries's motion for bill of particulars and Crim.R. 16 motion for discovery filed on September 14, 2012 = 13 days NOT tolled;

2)     Humphries's motions for bill of particulars and demand for discovery filed September 14, 2012, and responses provided by state on September 18, 2012 = 4 days tolled;

3)     Humphries's motion for continuance of pretrial from September 18, 2012 to October 1, 2012 = 13 days tolled;

4)     Humphries's motion for continuance of pretrial from October 1, 2012 to October 12, 2012 = 11 days tolled;

5)     Humphries's motion for continuance of pretrial from October 12, 2012 to October 25, 2012   = 13 days tolled;

6)     Humphries's motion for continuance of pretrial from October 25, 2012 to November 7, 2012 = 13 days tolled;

7)     Humphries's motion for continuance of pretrial from November 7, 2012 to November 20, 2012 = 13 days tolled;

8)     Humphries's motion for continuance of pretrial from November 20, 2012 to December 5, 2012   = 15 days tolled;

9)     Humphries's motion for continuance of pretrial from December 5, 2012 to December 19, 2012   = 14 days tolled;

10)    Humphries's motion for continuance of pretrial from December 19, 2012 to January 3, 2013 = 15 days tolled;

11)    Humphries's motion for continuance of pretrial from January 3, 2013 to January 16, 2013 = 13 days tolled;

12)    January 16, 2013 to January 22, 2013 = 6 days NOT tolled;

13)    Humphries's motion for continuance of pretrial/trial from January 22, 2013 to January 30, 2013 = 8 days tolled;

14) Humphries's motion for continuance of pretrial/trial from January 30, 2013 to February 21, 2013 = 22 days tolled;

15) February 21, 2013 to start of trial on February 27, 2013 = 6 days NOT tolled

{¶10} Based upon the aforesaid analysis, 179 days passed from the date of Humphries's arrest to the commencement of trial. Of those 179 days, 154 days were tolled with a total of 25 days chargeable to the speedy trial calculation. Humphries was brought to trial within 270 days as required by R.C. 2945.71. *State v. Bickerstaff*, 10 Ohio St.3d 62, 461 N.E.2d 892 (1984). Thus, the first proposed assignment of error is without merit and fails to establish ineffective assistance of appellate counsel.

{¶11} Humphries's second proposed assignment of error is

[a]ppellate counsel failed to argue against the conviction of the Appellant for crimes against an individual that was never officially identified (the name of the alleged victim was supposedly "Steve Harris", although police never confirmed his identity or that the person even existed), who never made a statement against Appellant, and never appeared at trial. * * * The alleged victim's testimony at trial was critical to the prosecution's case, and without it, the charges should have been dismissed.

{¶12} Humphries, through his second proposed assignment of error, argues that his Sixth Amendment right to confront a victim was violated. Specifically, Humphries raises a sufficiency argument with regard to his conviction for the offenses of kidnapping and aggravated robbery.

{¶13} Humphries's right to confrontation under the Sixth Amendment was not violated because the victim-Harris never testified during the course of trial. In addition, the issue of sufficiency of the evidence was previously addressed upon direct appeal and is barred from further review by the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104

(1967). *See also State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992).

> In this matter, Wilson testified that he observed the defendants with black, semiautomatic handguns, and that they pointed the weapons at him and Harris, ordered them to lie down on the ground, and demanded their money. Eads also testified that [Humphries] and Trawick brandished a weapon, pointed it at Wilson and Harris, ordered them on the ground after Wilson sought payment of the marijuana, and that the [Humphries] had a weapon while he ransacked the SUV looking for valuables.
>
> This evidence, if believed, is sufficient to establish the elements of armed robbery and the elements of kidnaping in relation to the attacks on Wilson and Harris, both as principal offender and aider and abettor of Trawick; therefore, we find sufficient evidence to support the attack of Harris because he fled as money was demanded, there was sufficient evidence to establish that the conduct of defendant and Trawick was a substantial step in the armed robbery and kidnapping of Harris and sufficient evidence, therefore, supports this offense.
>
> Further, after reviewing the entire record, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice in that the conviction must be reversed and a new trial ordered. The evidence compellingly established that the defendant committed an armed robbery and kidnapping of Harris and Eads, attempted to rob and kidnap Harris, and that he also aided and abetted in Trawick's armed robbery, kidnapping, and attempted offenses against Harris.

*Humphries,* 8th Dist. Cuyahoga No. 99924, 2014-Ohio-1230, ¶ 26.

{¶14} Thus, Humphries's second proposed assignment of error is without merit and fails to establish ineffective assistance of appellate counsel.

{¶15} Humphries's third proposed assignment of error is

[a]ppellate counsel failed to argue that there were inconsistent verdicts regarding the gun specifications. Appellant was acquitted of gun specifications for charges related to Eads, including aggravated robbery and [sic].

{¶16} Humphries, through his third proposed assignment of error, argues that the verdicts as to the gun specifications, aggravated robbery, and kidnapping are inconsistent. Specifically, Humphries argues that his acquittal as to firearm specifications relating to victim-Eads prevented any conviction relating to all other charged offenses of kidnapping and aggravated robbery as

related to victims Wilson and Harris.

{¶17} This court has consistently held that an appellate court is not permitted to speculate about the reason for inconsistent verdicts when it determines the validity of a verdict. *State v. Trewartha*, 165 Ohio App.3d 91, 2005-Ohio-5697, 844 N.E.2d 1218 (10th Dist.2005). In a criminal case, consistency between verdicts on several counts of an indictment is not necessary where a defendant is convicted of one or some counts and acquitted on other counts; the convictions will be upheld, irrespective of its rational incompatibility with the acquittals. *State v. Woodson*, 24 Ohio App.3d 143, 493 N.E.2d 1018 (10th Dist.1985). The reason the inconsistency does not matter is because "several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." *State v. Lovejoy*, 79 Ohio St.3d 440, 1997-Ohio-371, 683 N.E.2d 1112. Herein, the indictment charged Humphries with three separate counts of kidnapping with firearm specifications and three separate counts of aggravated robbery with firearm specifications, each count relating to a different victim. The fact that Humphries was acquitted of the firearms specifications relating to Eads does not create an inconsistent verdict with regard to the independent counts of aggravated robbery and kidnapping vis-a-vis victims Wilson and Harris. The counts were not interdependent upon each other. *State v. Adams*, 53 Ohio St.2d 223, 374 N.E.2d 137 (1978).

{¶18} Thus, Humphries's third proposed assignment of error is without merit and fails to establish ineffective assistance of appellate counsel.

{¶19} Humphries's fourth proposed assignment of error is

[u]nder allegations of complicity * * *, appellate counsel was ineffective for not

raising the issue that Appellant did not know his co-defendant possessed a firearm prior to the crime being committed. Appellant did not know that [the codefendant] had a gun.

**{¶20}** Humphries, through his fourth proposed assignment of error, argues that his conviction as an aider and abetter was not supported by sufficient evidence with regard to the offenses of armed robbery and kidnapping. As previously dealt with through Humphries's second proposed assignment of error, this court found in the original appeal that sufficient evidence was adduced at trial "to establish the elements of armed robbery and the elements of kidnapping in relation to the attacks on victims Wilson and Harris, both as a principal offender and an aider and abetter * * *." *Humphries,* 8th Dist. Cuyahoga No. 99924, 2014-Ohio-1230*,* ¶ 27. Humphries's fourth proposed error is barred from further review by the doctrine of res judicata. Thus, the fourth proposed assignment of error is without merit and fails to establish ineffective assistance of appellate counsel.

**{¶21}** Humphries's fifth proposed assignment of error is

[a]ppellate counsel was ineffective for failing to communicate to Appellant when the appellate record was transferred to the Court of Appeals triggering the 180 days for filing post conviction relief in violation of [citation omitted.] This deprived Appellant of being able to file a timely post conviction petition of any issues outside the appellate record and is ineffective assistance of appellate counsel.

**{¶22}** Humphries's fifth proposed assignment of error concerns issues not directly involved with his original appeal. App.R. 26(B)(1) provides that Humphries may only apply for reopening of the appeal from the judgment of conviction and sentence, based upon a claim of ineffective assistance of counsel. The fifth proposed assignment of error is not related to the judgment of conviction and sentence as considered within Humphries's original appeal. *State v. Perry*, 8th Dist. Cuyahoga No. 90497, 2009-Ohio-2245. In addition, appellate counsel cannot be

expected to argue their own ineffectiveness on appeal. *State v. Hook*, 92 Ohio St.3d 83, 2001-Ohio-150, 784 N.E.2d 528; *State v. Lentz*, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994).

**{¶23}** Thus, Humphries's fifth proposed assignment of error is without merit and fails to establish ineffective assistance of appellate counsel.

**{¶24}** Accordingly, the application for reopening is denied.

_____

MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN A. GALLAGHER, J., CONCUR