[Cite as *State v. Fips*, 2024-Ohio-1692.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | |
|---|---|
| STATE OF OHIO, | : |
| Plaintiff-Appellee, | : |
| v. | : No. 113061 |
| QUENTIN FIPS, | : |
| Defendant-Appellant. | : |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 2, 2024

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-22-667110-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Andrew Boyko, Assistant Prosecuting Attorney, *for appellee.*

Edward F. Borkowski, Jr., *for appellant.*

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant, Quentin Fips ("Fips"), appeals his convictions and sentences. We affirm.

{¶2} Fips was convicted of trafficking cocaine, a first-degree felony, in violation of R.C. 2925.03(A)(2); and drug possession, a first-degree felony, in violation of R.C. 2925.11(A). The trial court sentenced Fips to four years in prison to be served consecutively to another prison term imposed from a previous case.

## I. Facts and Procedural History

{¶3} On August 15, 2021, Detective James Allender ("Det. Allender") received a complaint about drug activity at a home. Det. Allender received this complaint because he is a member of the Cleveland Division of Police's Neighborhood Impact Community Engagement Unit ("NICE"), which targets specific neighborhoods to reduce criminal activity, focusing on fugitives, gun suppression, and tracking narcotics. Det. Allender began investigating and conducted surveillance on the home in question.

{¶4} On January 19, 2022, during the aforementioned surveillance, Det. Allender observed a white Chevy Suburban ("Suburban") parked in the driveway. Det. Allender immediately noticed the vehicle because it was the first time in five months that he had observed a vehicle parked at the home, blocking the sidewalk. During a 45-minute period, Det. Allender observed over six vehicles briefly park in the street. One of the passengers of the Suburban would exit the vehicle and briefly engage with occupants of the other vehicles. Other times the passengers of the other vehicles would exit their vehicle and engage with the occupants of the Suburban. From what Det. Allender observed, he believed the

interactions were hand-to-hand drug transactions. As the vehicles involved with the Suburban left the scene, Det. Allender informed other NICE team members about the vehicles' descriptions so that they could perform investigatory traffic stops. The other officers conducted three or four stops, and during one of the stops, Officer Michael Schade ("Ofc. Schade") spoke to a woman driver who spit out cocaine rocks onto the bed of her truck.

{¶5} Ofc. Schade informed Det. Allender, who then directed his team to approach the Suburban. Detective Taylor Bohen ("Det. Bohen") observed several occupants in the Suburban and approached the driver's side. He ordered the driver to place his hands outside of the window. The driver of the vehicle was Fips, and he complied with Det. Bohen's demands and was detained. The other two occupants, Hector Martinez ("Martinez") and Robert Fips ("Robert"), were also detained and searched. Det. Bohen observed a marijuana blunt in the center console of the vehicle.

{¶6} Other detectives searched the Suburban and found two digital scales with cocaine residue. In various locations within the Suburban, they also found a large amount of cash, two loaded firearms, and a nylon bag. The firearms had a bullet in the chamber, and the nylon bag contained Fentanyl, Tramadol, and crack cocaine. Detectives also found two small bags of cocaine and marijuana on Martinez. Martinez told the detectives that he was responsible for all of the items in the front passenger seat. However, when asked what they were, Martinez was

unable to tell what items were there.  All three passengers were placed in police custody.

**{¶7}** On March 30, 2022, Fips, Martinez, and Robert were charged in an 11-count indictment.  Specifically, Fips was charged with six counts and found guilty of just two counts.  The trial court merged the two counts and sentenced Fips to four years in prison, to be served consecutive to a prison term imposed in another case.  Fips also received credit for 148 days in jail.

**{¶8}** At sentencing, the trial court stated:

All right.  Mr. Fips, you elected to have your case tried before a jury, so understanding you maintain your innocence, the jury has now found you guilty on Count 7 and 8 of this indictment.

You know, I'll note a couple of things for the record.  One, I understand I gave a minimum sentence to Mr. Martinez.  Of course, Mr. Martinez accepted responsibility for his involvement in the matter.  And that was taken into consideration, along with his prior history. And so that's really where a minimum sentence came in with him.

But when looking at this case and whether, you know, the sentence between three and eleven years, it to be handed down in this case, when you look at the case, a couple of things come out.  One is obviously his prior criminal history.  Some of that was brought up during the examination when he took the stand.

And so just noting that he has the prior case that he was found guilty on by the court where he's serving five years.

He had an attempted domestic violence where he served time.  He had a former charge of domestic violence, misdemeanor, back in 2012, pled guilty in Judge Deena Calabrese's room to a misdemeanor.

Judge Joan Synenberg sentenced him to six months after he pled guilty to a trafficking offense with schoolyard specifications.

Judge Michael Donnelly found him guilty and sentenced him on the attempted receiving stolen property, as well as his drug possession charge.

So he has criminal convictions. But more than anything for this court, the case that I found him guilty on, the date of that offense was December 10th of 2018. And while that case was pending, he picked up this case in January of 2022. Knowing that he had an open case, out on bond, he picked up this case, as well. And those factors weigh against him.

It's a mandatory term of incarceration the court will sentence on. But I do want to at least before I decide whether discretionary consecutive sentence, the law says, Mr. Fips, that if you are going to — if the court's going to impose a consecutive sentence, I have to find some things for the record.

Consecutive is necessary to protect the public from any future crimes and necessary to punish you. I clearly find that for the record.

Consecutive sentences are not disproportionate to the seriousness. And again, the danger that you, Mr. Fips, pose to the public as you continue to drug traffic in the community. And I find that as well. And then finally the third notion would be one of three things. I think a few of them apply to you. The offender committed this offense while awaiting trial or sentencing or was under community control, under post release control, for a prior conviction. And so awaiting trial on the other case while you picked up this case, that factor meets the factor for the law. And then these offenses were committed as part of a course of conduct, is also satisfied. And then, again, the third one, the history of the criminal conduct demonstrates that consecutive sentences should be handed down.

I find that all three of those findings that I have to look at all apply to you in this case and find that, even though it's discretionary, the court is going to impose a consecutive sentence on this case with respect to your case you're serving currently. That case number for the record is case 636185.

Is that correct, bailiff? Yes. So 636185.

So with respect to this case and looking at the purposes and principles of sentencing, it being a Reagan Tokes notation, as well, Mr. Fips, I'm going to sentence you on Count 7, and note that Count 7 and 8 are merged for purposes of sentencing, to four years at Lorain Correctional Institution.

Tr. 607 - 611.

**{¶9}** Fips filed this appeal and assigned two errors for our review:

1.   Appellant's convictions were against the manifest weight of the evidence; and

2.   The record does not clearly and convincingly support the imposition of a consecutive sentence.

## II.   Manifest Weight of the Evidence

### A.   Standard of Review

**{¶10}** "'[A] manifest weight challenge questions whether the state met its burden of persuasion.'" *State v. Bell*, 8th Dist. Cuyahoga No. 110693, 2022-Ohio-823, ¶ 11, quoting *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13.

"The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [fact-finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."

*State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 215, 485 N.E.2d 717 (1st Dist.1983).

**B.    Law and Analysis**

{¶11} In Fips's first assignment of error he argues that his convictions were against the manifest weight of the evidence because they rest solely on Det. Allender's observations.  Fips contends that Det. Allender did not actually observe him selling drugs or partaking in any illegal drug activity.  Fips also argues that there were no drugs found on his person.  We determine that Fips's arguments are misplaced.  Det. Allender observed Fips in a Suburban where the occupants would leave the vehicle and conduct hand-to-hand transactions with other vehicles.  Other times the passenger of the other vehicles would engage in the same behavior as the occupants of the Suburban.  Det. Allender suspected that the occupants of the Suburban were selling drugs, so he radioed the other members of his team and instructed them to conduct traffic stops on the vehicles leaving the scene.  During one such stop, Det. Schade obtained crack cocaine from one of the drivers that left the scene after engaging in the hand-to-hand transaction with the Suburban.

{¶12} This observed activity, along with the stop and discovery by Det. Schade, gave Det. Allender a reason to believe that the occupants of the Suburban were engaging in drug trafficking.  "[A] police officer must be able to point to specific and articulable facts that, taken together with rational inferences

derived from those facts, give rise to a reasonable suspicion that the individual has committed, is committing, or is about to commit a crime." *State v. Kent*, 8th Dist. Cuyahoga No. 109118, 2022-Ohio-834, ¶ 23, citing *State v. Williams*, 51 Ohio St.3d 58, 60, 554 N.E.2d 108 (1990). "The propriety of an investigative stop by a police officer must be viewed in light of the totality of the circumstances." *Id.*, citing *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980), paragraph one of the syllabus.

**{¶13}** Given the fact that Det. Allender had a reasonable suspicion that the occupants of the Suburban were trafficking drugs, and after Det. Bohen approached the Suburban and observed a marijuana blunt in the center console of the vehicle, the officers had probable cause to search the vehicle.

> Under the 'automobile exception,' police may search an automobile without a warrant, as long as they have probable cause to believe the vehicle contains evidence of criminal activity. The rationale behind the automobile exception is two-fold: (1) vehicles are mobile, and (2) there exists a lesser expectation of privacy in a vehicle.

*State v. Kumuhone*, 8th Dist. Cuyahoga No. 112272, 2023-Ohio-2586, ¶ 23, citing *California v. Carney*, 471 U.S. 386, 391, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985). Additionally, "'[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.'" *Id.* at ¶ 25, quoting *In re $75,000.00 United States Currency* (Katz), 2017-Ohio-9158, 101 N.E.3d 1209, ¶ 31 (8th Dist.). Once the

detectives searched the vehicle, they found a nylon bag containing Fentanyl, Tramadol, and crack cocaine.

{¶14} Fips argues that Det. Allender referred to him as the wrong name, "Mr. Henderson" when he arrived at the scene and the only evidence against him was Det. Allender's testimony. "[I]n a manifest-weight review, the weight to be given the evidence and the credibility of the witnesses are primarily for the finder of fact." *Bell*, 8th Dist. Cuyahoga No. 110693, 2022-Ohio-823, at ¶ 13, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. "The trier of fact has the authority to 'believe or disbelieve any witness or accept part of what a witness says and reject the rest.'" *Id.*, quoting *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). "Thus, in reviewing criminal manifest-weight-of-the-evidence challenges, appellate courts must be mindful of the presumption in favor of the finder-of-fact and defer to the factfinder's resolution of conflicting testimony if the greater amount of credible evidence supports the verdict." *Id.*, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25. Thus, the factfinder was able to resolve any conflicting testimony regarding Det. Allender's reference to Fips as Mr. Henderson.

{¶15} Finally, Fips argues that the jury rendered an inconsistent verdict when it found him guilty of trafficking and drug possession but not guilty of the counts involving the guns and other drugs. "'Consistency in the verdict is not necessary.'" *State v. Amey*, 2018-Ohio-4207, 120 N.E.3d 503, ¶ 16 (8th Dist.),

quoting *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995,

¶ 81-82.

> When a claim on appeal is made that a defendant was subject to inconsistent verdicts, we have determined that we will not disturb a conviction where we find the conviction is based on sufficient evidence, noting "defendants receive adequate protection against jury irrationality or error by a sufficiency of the evidence review at the trial and appellate levels."

*State v. Bradley*, 2021-Ohio-2687, 176 N.E.3d 1173 ¶ 23, (8th Dist.), citing *State v. Jones*, 8th Dist. Cuyahoga No. 96901, 2012-Ohio-920, ¶ 10.

**{¶16}** Given the testimonies of the detectives and the evidence found in the Suburban, we find Fips's convictions were based on sufficient evidence and his argument regarding the consistency of the verdict is irrelevant.

**{¶17}** Therefore, after a thorough review of the record, we find that Fips's convictions were not against the manifest weight of the evidence. Fips's first assignment of error is overruled.

### III. Consecutive Sentences

#### A. Standard of Review

**{¶18}** "We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2)." *State v. Hervey*, 8th Dist. Cuyahoga No. 110775, 2022-Ohio-1498, ¶ 16, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21.

> Under R.C. 2953.08(G)(2), an appellate court may increase, reduce or otherwise modify a sentence or vacate a sentence and remand for

resentencing if it "clearly and convincingly finds" that (1) the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4) or 2929.20(I) or (2) the sentence is "otherwise contrary to law." "'Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 29 quoting, *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954). Paragraph three of the syllabus.

*Id.*

**{¶19}** "It is 'an extremely deferential standard of review.'" *Id.*, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

### B. Law and Analysis

**{¶20}** In Fips's second assignment of error, he argues that the record does not clearly and convincingly support the imposition of consecutive sentences. Under Ohio law, "sentences are presumed to run concurrently unless the trial court makes the required findings under R.C. 2929.14(C)(4)." *State v. Reindl*, 8th Dist. Cuyahoga Nos. 109806, 109807, and 109808, 2021-Ohio-2586, ¶ 14; *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 28. To impose consecutive sentences, the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶21} A defendant can challenge consecutive sentences on appeal in two ways. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *Reindl* at ¶ 13; *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 16 (8th Dist.). Second, the defendant can argue that the record 'clearly and convincingly' does not support the court's findings made pursuant to R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Reindl* at ¶ 13.

{¶22} Fips concedes that the trial court made the necessary findings. However, he argues that the record does not support the trial court's findings. Specifically, Fips contends that because the trial court did not sentence him to the maximum term he could serve but rather sentenced him to only one year more

than the minimum sentence, the record does not support that he should serve consecutive sentences. Fips's argument is misplaced. "'A proportionality analysis considers both the defendant's current conduct and the risk of the defendant being a danger in the future.'" *State v. Hayes*, 2023-Ohio-4119, 229 N.E.3d 234, ¶ 50 (8th Dist.), quoting *State v. Glover*, 2023-Ohio-1153, 212 N.E.3d 984, ¶ 26, citing R.C. 2929.14(C)(4). "'To make that determination, the analysis focuses upon the defendant's current conduct and whether this conduct, in conjunction with the defendant's past conduct, allows a finding that consecutive service is not disproportionate.'" *Id.*, quoting *Glover* at ¶ 87.

**{¶23}** The trial court analyzed in great detail Fips's current and past conduct stating:

> And so just noting that he has the prior case that he was found guilty on by the court where he's serving five years.
>
> He had an attempted domestic violence where he served time. He had a former charge of domestic violence, misdemeanor, back in 2012, pled guilty in Judge Deena Calabrese's room to a misdemeanor.
>
> Judge Joan Synenberg sentenced him to six months after he pled guilty to a trafficking offense with schoolyard specifications.
> Judge Michael Donnelly found him guilty or sentenced him on the attempted receiving stolen property, as well as his drug possession charge.
>
> So he has criminal convictions. But more than anything for this court, the case that I found him guilty on, the date of that offense was December 10th of 2018. And while that case was pending he picked up this case in January of 2022. So knowing that he had an open case, out on bond, he picked up this case, as well. And those factors weigh against him.

Tr. 608 - 609.

**{¶24}** The analysis for consecutive sentences does not include whether the trial court sentenced the appellant to a maximum term in its proportionality analysis. The record is sufficient to support the imposition of consecutive sentences.

**{¶25}** Therefore, Fips's second assignment of error is overruled.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, P.J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY